# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**MARC FATTON,**

    **Plaintiff,**

**vs.**                      **CASE NO.:**

**MAYKER, LLC**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff Marc Fatton hereby sues Defendant Mayker LLC and alleges the following:

## JURISDICTION & VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 28U.S.C. § 1331, as all of Plaintiff's claims alleged herein arise under federal law.

2. The Court has jurisdiction over the subject matter of this action pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA") and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq. ("Title VII").

## PARTIES

3.      Plaintiff is a member of a class protected by law because he was discriminated against and retaliated against by his employer, the Defendant, in part due to his military status and performed service in the Armed Forces of the United States. Plaintiff is also a member of a protected class due to his race and objections to violation(s) of law, rule or regulation.

4.      At all times pertinent hereto, Plaintiff, Marc Fatton, (hereinafter "Plaintiff") has been a resident of the State of Tennessee and was employed by Defendant. Plaintiff is a member of protected classes because of his race and military status. Moreover, Plaintiff is a member of a protected class because he objected to violation(s) of law, rule or regulation and was subject to retaliation thereafter.

5.      At all times pertinent hereto, Defendant Mayker, LLC, has been organized and existing under the laws of the State of Tennessee. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

6.      During the times relevant to this action, Defendant, Mayker LLC, knew of Plaintiff's status as a member of the military.

7.      At all times pertinent hereto, Defendant Mayker LLC, has been

conducting business in Davidson County, Tennessee, within the jurisdiction of this court. At all times pertinent hereto, Defendant has been an employer as that term is used under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"), and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq. ("Title VII").

## TITLE VII STATUTORY PREREQUISITES

8.      Plaintiff is an African-American male "person" who suffered discrimination based on his race. As such he is a member of a class of individuals protected by Title VII.

9.      Plaintiff was qualified for his position.

10.     Plaintiff suffered an adverse effect upon his employment by being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's race.

11.     Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

12.     The Defendant meets the statutory criteria for coverage as an "employer" under the Title VII.

13.     Plaintiff meets the statutory criteria for coverage as an "employee"

under Title VII.

14.      Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2021 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on March 28, 2022, and which was received by Plaintiff on March 28, 2022. Therefore the complaint is filed within 90 days of receiving his right to sue letter.

15.      Accordingly Plaintiff has completed all Title VII requirements and all other prerequisites prior to bringing this lawsuit.

## CONDITIONS PRECEDENT

16.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF ULTIMATE FACTS

17.      Plaintiff started working for the Defendant from June 10, 2018. During his employment with Defendant, Plaintiff was promoted to the position of supervisor, a full time salaried position with Defendant.

18.      In February 2020 Plaintiff advised Defendant Mayker, LLC owner, Jason Proby, that Plaintiff was joining the Tennessee Army National Guard.

19.      In July 2020 Plaintiff began his initial entry training with the Tennessee Army National Guard. Plaintiff completed his training in December

2020.

20. Upon completing his training with the Tennessee Army National Guard, Plaintiff contacted his manager from Mayker, LLC, William Watson, via text to apply for reemployment as a matter of right pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). 38 U.S.C. § 4312. Mr. Watson informed Plaintiff that "everything is shut down due to Covid." This statement was not true.

21. Another employee informed Plaintiff that Defendant was still hiring employees. That same individual also admitted that the company chose mostly African American employees to "downsize" and left mostly Caucasian workers still employed.

22. Furthermore, during the previous course of his employment, Mr. Fatton had experienced discrimination from the owner of the company. For instance, Mr. Fatton and another African American supervisor were never included in supervisor meetings. Plaintiff complained about the blatant discrimination, but the manager responded "that's not me, I don't have authority over that—it's the owner."

23. Plaintiff continued to contact Mr. Watson regularly to return to his position. In or around January 2021 Mr. Watson told Plaintiff to contact owner Jason Proby about returning to work—Plaintiff was entitled to be promptly

reemployed under the USERRA.

24. Plaintiff contacted Jason Proby in regards to obtaining his job. Mr. Proby told Plaintiff that he did not have any salary positions available. Plaintiff told Mr. Proby that he was willing to do whatever it took just to get back to work.

25. Jason Proby then informed Plaintiff, for the first time, that he was not happy with Plaintiff's performance prior to him leaving for training. This was the first time Plaintiff had received any negative feedback from Defendant regarding his job performance. Jason Proby informed Plaintiff that he would not be rehiring Plaintiff–a clear violation of Plaintiff's USERRA rights.

26. Defendant Mayker has willfully violated the laws cited herein.

27. Plaintiff has retained the undersigned to prosecute the claims in this matter and owes a fee to the same; Defendant should be required to pay the reasonable fees and costs related to this claim.

## COUNT I
### FAILURE TO REEMPLOY IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

28. Plaintiff re-alleges the facts above in paragraph 1-27 as if fully set forth herein.

29. Defendant is an employer as that term is used under the applicable statutes referenced above.

30. Plaintiff is otherwise eligible, qualified, and ready to perform the

employment responsibilities associated therewith.

31. Defendant failed to reemploy Plaintiff into his escalator position upon his return from active duty in violation of the law. 38 U.S.C. § 4312. Plaintiff was entitled to return to the same position of like pay, status and seniority, among other things, and Defendant refused to adhere to the law.

32. Defendant's conduct as alleged in this complaint constitutes unlawful employment practice(s) in violation of USERRA.

33. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of USERRA.

34. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff suffered lost wages and other tangible and intangible damages. He is entitled to all damages authorized by law and to injunctive relief.

## COUNT II
## DISCRIMINATION/RETALIATION IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

35. Plaintiff re-alleges the facts above in paragraph 1-27 as if fully set forth herein.

36. Plaintiff was otherwise eligible, qualified, ready, and willing to train and maintain his employment with Defendant.

37. Defendant terminated Plaintiff in part due to his military service and/or unavailability due to military service. Plaintiff was employed by Defendant

and Defendant discriminated against and/or retaliated against Plaintiff because Plaintiff was obligated to serve in the Tennessee Army National Guard.

38. Plaintiff's membership, service and/or obligation for service in the Tennessee Army National Guard was a motivating factor in the Defendant's termination of Plaintiff.

39. Plaintiff has lost wages and other economic benefits, as a direct and proximate result of the Defendant's termination of him.

40. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of USERRA.

41. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff suffered lost wages and other tangible and intangible damages. He is entitled to all damages authorized by law and to injunctive relief.

## COUNT III
## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

42. Paragraphs 1 through 27 are re-alleged and incorporated herein by reference.

43. Plaintiff is member of a protected class due to his race.

44. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his race in violation of Title VII.

45. Defendants are liable for the differential treatment of Plaintiff,

which adversely affected the terms and conditions of Plaintiff's employment with Defendants. Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

46. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were discrimination based and in violation of the laws set forth herein.

47. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants. The events set forth herein led, at least in part, to Plaintiff's termination.

48. Defendant knew or should have known of the discrimination.

49. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff the

following relief:

1.  A trial by jury as to all matters so triable;

2.  Equitable relief against Defendant mandating Defendant's obedience to the laws set forth herein and providing such other equitable relief as the Court deems just and proper;

3.  That Plaintiff have and recover from Defendant's compensatory, extra- compensatory, punitive, liquidated and statutory damages to the extent the law allows;

4.  That Plaintiff have and recover from Defendant pre and post-judgment interest on such award of damages to the extent the law allows;

5.  That Plaintiff have and recover his costs and reasonable attorney's fees from Defendant to the extent the law allows; and

6.  Any other relief the Court deems just and appropriate.

DATED this 24th day of June, 2022.

Respectfully submitted,

***/s/ Kimberly De Arcangelis***
Kimberly De Arcangelis, Esq.
Florida Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
*Trial Counsel for Plaintiff*

**/s/ Thomas L. Dickens, III**
THOMAS L. DICKENS, III
Florida Bar No.:063687
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 204-2208
Email: tdickens@forthepeople.com
mfermaint@forthepeople.com;
*Pro Hac Vice Forthcoming*